## UNITED STATES of America

**v.**

**Gerald GALLAWAY**

**No. 1:00–CR–62.**

United States District Court,
E.D. Texas,
Beaumont Division.

April 15, 2002.

[redacted]

David Haskell Henderson, Jr., U.S. Attorney's Office, Beaumont, TX, for Plaintiff.

James R. Makin, Beaumont, TX, Douglas Craig McNabb, Houston, TX, Gerald Gallaway, Beaumont, TX, for Defendant.

## ORDER DENYING APPELLANT'S EMERGENCY MOTION FOR RELEASE PENDING APPEAL

SCHELL, District Judge.

Before the court is "Appellant's Emergency Motion for Release Pending Appeal Pursuant to Title 18 U.S.C. § 3145(c)" filed March 20, 2002 (dkt # 117) along with the Government's response filed March 29, 2002 (dkt # 120). Upon consideration of the motion and the response, the court is of the opinion that the motion should be DENIED.

The appellant, Gerald Gallaway ("defendant"), was convicted on March 14, 2001, on all three counts of a three count indictment charging him with conspiracy to possess with intent to distribute cocaine and heroin; possession with intent to distribute cocaine; and possession with intent to distribute heroin. According to the evidence presented at trial, the defendant was employed as a correctional officer at the U.S. Penitentiary in Beaumont, Texas, and agreed to accept drugs and smuggle them into the prison to a particular inmate in return for money. The defendant was arrested at an off-prison site immediately after he and a co-defendant began transferring the drugs from the co-defendant's car to the defendant's car. On September 6, 2001, the defendant was sentenced to 151 months in prison after the court calculated, without objection, the total offense level to be 34 based primarily on the weight of the cocaine and heroin seized at the scene of the arrest.

Because the defendant was convicted of offenses of the type described in 18 U.S.C. § 3142(f)(1)(C), mandatory detention of the defendant is required under 18 U.S.C. § 3143(b)(2) unless the defendant can "clearly show[ ] that there are exceptional reasons why [his] detention would not be appropriate" *and* he can meet the conditions of release set forth in § 3143(b)(1)(A)

and (B). With respect to § 3143(b)(1)(B), the defendant relies on subpart (B)(iv) by asserting that his appeal is likely to result in "a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal."

The defendant contends that this court committed an *Apprendi* error by making a finding of drug quantity at sentencing without having submitted a question on drug amount to the jury for its determination beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The defendant further contends that he should have been sentenced using a base offense level of 12 for only a "detectable amount" of cocaine and heroin as alleged in the indictment rather than using a base offense level of 32 for the drug quantity as determined by this court at sentencing. The quantity attributed to the defendant at sentencing was based upon the testimony of the chemist at trial as to the weight of the drugs seized from the defendant and his co-defendants.

In addition, the defendant also argues that the two point sentencing enhancement under U.S.S.G. § 2D1.1(b)(3) for distribution of a controlled substance in a prison should have been presented to the jury in the form of a special issue for a finding beyond a reasonable doubt.

█ This court is of the opinion that the defendant's appeal is not likely to result in a reduced sentence. The United States Court of Appeals for the Fifth Circuit has held in a line of cases including *U.S. v. Meshack*, 225 F.3d 556 (5th Cir.2000) that while "*Apprendi* does not clearly resolve whether an enhancement which increases a sentence within the statutory range but which does not increase the sentence beyond that range must be proved to the jury ... the opinion suggests the more limited rule: 'fact[s] that increase[ ] the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Meshack* at 576 quoting *Apprendi*. Therefore, the Fifth Circuit has squarely held that there is no *Apprendi* error, a Constitutional violation of the Sixth Amendment right to trial by jury or the Fifth Amendment due process clause, when a factor used at sentencing, which was not alleged in the indictment and submitted to the jury for its determination beyond a reasonable doubt, does not increase a defendant's sentence beyond the statutory maximum.

█ Here, the defendant was charged with offenses under 21 U.S.C. § 841(a)(1) and 846, and the jury found that he had violated those sections beyond a reasonable doubt. The minimum statutory range for the offenses was zero to twenty years. His 151 month sentence was within this range. It was not enhanced beyond the statutory range based upon a fact not contained in the indictment or presented to the jury. There was, therefore, no *Apprendi* error as the holding in that case has been interpreted by the Fifth Circuit Court of Appeals. Notwithstanding the defendant's argument that the U.S. Supreme Court *may* in a future case expand the holding in *Apprendi* to require a jury finding on any fact that has the effect of increasing the defendant's punishment under the Sentencing Guidelines even though it remains within the statutory range, this court is bound by the current decisions of the Fifth Circuit and will follow those decisions in this case. Consequently, this court finds that the defendant's appeal here is not likely to result in a reduced sentence.

The motion is DENIED.